## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| SHEILA WHITE, | Case No.: |
| Plaintiff, | Judge |
| v. | Magistrate Judge |
| EQUIFAX INFORMATION SERVICES LLC, et al, | |
| Defendants. | |

| | |
|---|---|
| Credit Repair Lawyers of America | Clark Hill PLC |
| Gary D. Nitzkin (P41155) | Jordan S. Bolton (P66309) |
| 22142 West Nine Mile Road | 151 S. Old Woodward Ave., Suite 200 |
| Southfield, MI 48033 | Birmingham, MI 48009 |
| (248) 353-2882 | (248) 988-1839 |
| Email: gary@crlam.com | Email: JBolton@clarkhill.com |
| *Attorneys for Plaintiff* | *Attorneys for Equifax Information Services LLC* |

# EXHIBIT A

| Approved, SCAO | Original - Court<br>1st copy - Defendant | 2nd copy - Plaintiff<br>3rd copy - Return |
|---|---|---|

| STATE OF MICHIGAN<br>8-1     JUDICIAL DISTRICT<br>JUDICIAL CIRCUIT<br>COUNTY PROBATE | SUMMONS | CASE NO.<br>1813211 GC |
|---|---|---|

| Court address<br>150 E. Crosstown Pkwy. Kalamazoo, MI 49001 | Court telephone no.<br>(269) 384-8171 |
|---|---|

| Plaintiff's name(s), address(es), and telephone no(s).<br>Sheila White<br>c/o CREDIT REPAIR LAWYERS OF AMERICA<br>22142 W. Nine Mile Rd.<br>Southfield, MI 48033<br>(248) 353-2882 | v | Defendant's name(s), address(es), and telephone no(s).<br>Equifax Information Services, LLC<br>601 Abbot Rd. East Lansing, MI 48823<br><br>Webbank<br>RA: George Sutton 170 South Main, Ste. 1500<br>Salt Lake City, UT 84101<br><br>Wells Fargo Bank, N.A.<br>RA: Corporation Service Company<br>2338 W. Royal Palm Rd., Ste- J Phoenix, AZ 85021 |
|---|---|---|

Plaintiff's attorney, bar no., address, and telephone no.
Gary D. Nitzkin P41155
CREDIT REPAIR LAWYERS OF AMERICA
22142 W. Nine Mile Rd.
Southfield, MI 48033
(248) 353-2882

**Instructions:** Check the items below that apply to you and provide any required information. Submit this form to the court clerk along with your complaint and, if necessary, a case inventory addendum (form MC 21). The summons section will be completed by the court clerk.

**Domestic Relations Case**

☐ There are no pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint.

☐ There is one or more pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint. Attached is a completed case inventory (form MC 21) listing those cases.

☐ It is unknown if there are pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint.

**Civil Case**

☐ This is a business case in which all or part of the action includes a business or commercial dispute under MCL 600.8035.

☑ There is no other pending or resolved civil action arising out of the same transaction or occurrence as alleged in the complaint.

☐ A civil action between these parties or other parties arising out of the transaction or occurrence alleged in the complaint has

been previously filed in ☐ this court, ☐ _____ Court, where

it was given case number _____ and assigned to Judge _____

The action ☐ remains ☐ is no longer pending.

Summons section completed by court clerk.  | **SUMMONS** |

**NOTICE TO THE DEFENDANT:** In the name of the people of the State of Michigan you are notified:
1. You are being sued.
2. **YOU HAVE 21 DAYS** after receiving this summons and a copy of the complaint to **file a written answer with the court** and serve a copy on the other party **or take other lawful action with the court** (28 days if you were served by mail or you were served outside this state).
3. If you do not answer or take other action within the time allowed, judgment may be entered against you for the relief demanded in the complaint.
4. If you require special accommodations to use the court because of a disability or if you require a foreign language interpreter to help you fully participate in court proceedings, please contact the court immediately to make arrangements.

| Issue date<br>12/2/18 | Expiration date*<br>3/22/19 | Court clerk<br>ANN E FILKINS |
|---|---|---|

*This summons is invalid unless served on or before its expiration date. This document must be sealed by the seal of the court.

MC 01  (8/16)  **SUMMONS**                  MCR 1.109(D), MCR 2.102(B), MCR 2.104, MCR 2.105

## STATE OF MICHIGAN
## IN THE 8-1st DISTRICT COURT

SHEILA WHITE,
 Plaintiff,

v.

EQUIFAX INFORMATION SERVICES, LLC,
a Georgia limited liability company,
WELLS FARGO BANK, N.A.,
a foreign corporation, and
WEBBANK,
a foreign corporation,
 Defendants.

_____/

GARY D. NITZKIN (P41155)
CARL SCHWARTZ (P70335)
CREDIT REPAIR LAWYERS OF AMERICA
Attorneys for Plaintiff
22142 West Nine Mile Road
Southfield, MI 48033
Phone (248) 353-2882
Fax (248) 353-4840
Email – gary@crlam.com

_____/

## COMPLAINT AND JURY DEMAND

**NOW COMES THE PLAINTIFF, SHEILA WHITE, THROUGH**

**COUNSEL, CREDIT REPAIR LAWYERS OF AMERICA, BY GARY D.**

**NITZKIN**, and for her Complaint against the Defendants, plead as follows:

## VENUE

1

1. The transactions and occurrences which give rise to this action occurred in City of Kalamazoo, Kalamazoo County, Michigan.

2. Venue is proper in 8-1st District Court in Kalamazoo County, Michigan as the actions and occurrences recited herein occurred in City of Kalamazoo, in Kalamazoo County, Michigan.

3. The amount in controversy is less than twenty five thousand dollars ($25,000.00) exclusive of costs, interest and attorney's fees.

### PARTIES

4. Plaintiff is a natural person residing in City of Kalamazoo, Kalamazoo County, Michigan.

5. The Defendants to this lawsuit are:

    a. Equifax Information Services, LLC ("Equifax") is a Georgia limited liability company that conducts business in the State of Michigan;

    b. Wells Fargo Bank, N.A. ("Wells Fargo") is a foreign corporation that conducts business in the State of Michigan; and

    c. WebBank Corporation ("WebBank") is a foreign corporation that maintains its principal office in Utah.

2

## GENERAL ALLEGATIONS

6. Wells Fargo and WebBank ("Furnishers") are inaccurately reporting their Tradelines ("Errant Tradelines") on Plaintiff's Equifax credit disclosure with an erroneous scheduled monthly payment.

7. Specifically, Wells Fargo is inaccurately reporting its tradeline with a monthly payment of $3,404. Wells Fargo is reporting this same amount for the balance and past due amount.

8. WebBank is inaccurately reporting its tradeline with a monthly payment of $29.

9. The Errant Tradelines should be reported by the Furnishers with a monthly payment of $0.

10. The accounts reflected by the Errant Tradelines are charged off and closed. Wells Fargo and WebBank accelerated the payment schedule and closed the accounts. Plaintiff no longer has an obligation to make monthly payments.

11. On August 27, 2018, Plaintiff obtained her Equifax and Trans Union credit disclosures. While reviewing the credit disclosures, she noticed the Errant Tradelines reporting inaccurately with an erroneous monthly payment.

12. On or about September 13, 2018, Plaintiff submitted letters to Equifax and Trans Union disputing the Errant Tradelines.

3

13. In her dispute letters, Plaintiff explained that the accounts reflected by the Errant Tradelines were charged off and she no longer has an obligation to make monthly payments.

14. She asked Equifax and Trans Union to report the Errant Tradelines with a monthly payment of $0.

15. Equifax and Trans Union forwarded Plaintiff's consumer dispute to the Furnishers.

16. Plaintiff had not received Equifax's investigation results. Therefore, on November 12, 2018, Plaintiff obtained his Equifax credit disclosure which showed that Equifax and the Furnishers failed or refused to report the Errant Tradelines with a monthly payment of $0.

17. As a direct and proximate cause of the Defendants' negligent and/or willful failure to comply with the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq., Plaintiff has suffered credit and emotional damages. Plaintiff has also experienced undue stress and anxiety due to Defendants' failure to correct the errors in her credit file or improve her financial situation by obtaining new or more favorable credit terms as a result of the Defendants' violations of the FCRA.

4

## COUNT I

## NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT BY WELLS FARGO

18. Plaintiff realleges the above paragraphs as if recited verbatim.

19. After being informed by Equifax of Plaintiff's consumer dispute to the Errant Tradeline, Wells Fargo negligently failed to conduct a proper investigation of Plaintiff's dispute as required by 15 USC 1681s-2(b).

20. Wells Fargo negligently failed to review all relevant information available to it and provided by Equifax in conducting its reinvestigation as required by 15 USC 1681s-2(b). Specifically, it failed to direct Equifax to report the Errant Tradeline with a monthly payment of $0.

21. The Errant Tradeline is inaccurate and creating a misleading impression on Plaintiff's consumer credit file with Equifax to which it is reporting such tradeline.

22. As a direct and proximate cause of Wells Fargo negligent failure to perform its duties under the FCRA, Plaintiff has suffered damages, mental anguish, suffering, humiliation and embarrassment.

23. Wells Fargo is liable to Plaintiff by reason of its violations of the FCRA in an amount to be determined by the trier of fact together with reasonable attorneys' fees pursuant to 15 USC 1681o.

5

24. Plaintiff has a private right of action to assert claims against Wells Fargo arising under 15 USC 1681s-2(b).

**WHEREFORE, PLAINTIFF PRAYS** that this court grant her a judgment against the Defendant Wells Fargo for damages, costs, interest and attorneys' fees in the amount of less than twenty-five thousand dollars ($25,000.00) exclusive of costs, interest and attorney's fees.

## COUNT II

## WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT BY WELLS FARGO

25. Plaintiff realleges the above paragraphs as if recited verbatim.

26. After being informed by Equifax that Plaintiff disputed the accuracy of the information it was providing, Wells Fargo willfully failed to conduct a proper reinvestigation of Plaintiff's dispute.

27. Wells Fargo willfully failed to review all relevant information available to it and provided by Equifax as required by 15 USC 1681s-2(b).

28. As a direct and proximate cause of Wells Fargo willful failure to perform its respective duties under the FCRA, Plaintiff has suffered damages, mental anguish, suffering, humiliation and embarrassment.

6

29. Wells Fargo is liable to Plaintiff for either statutory damages or actual damages he has sustained by reason of its violations of the FCRA in an amount to be determined by the trier of fact, together with an award of punitive damages in the amount to be determined by the trier of fact, as well as for reasonable attorneys' fees and she may recover therefore pursuant to 15 USC 1681n.

**WHEREFORE, PLAINTIFF PRAYS** that this court grant her a judgment against Wells Fargo for the greater of statutory or actual damages, plus punitive damages, along with costs, interest and attorneys' fees in the amount of less than twenty-five thousand dollars ($25,000.00) exclusive of costs, interest and attorney's fees.

## COUNT III

## NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT BY WEBBANK

30. Plaintiff realleges the above paragraphs as if recited verbatim.

31. After being informed by Equifax of Plaintiff's consumer dispute to the Errant Tradeline, WebBank negligently failed to conduct a proper investigation of Plaintiff's dispute as required by 15 USC 1681s-2(b).

7

32. WebBank negligently failed to review all relevant information available to it and provided by Equifax in conducting its reinvestigation as required by 15 USC 1681s-2(b). Specifically, it failed to direct Equifax to report the Errant Tradeline with a monthly payment of $0.

33. The Errant Tradeline is inaccurate and creating a misleading impression on Plaintiff's consumer credit file with Equifax to which it is reporting such tradeline.

34. As a direct and proximate cause of WebBank negligent failure to perform its duties under the FCRA, Plaintiff has suffered damages, mental anguish, suffering, humiliation and embarrassment.

35. WebBank is liable to Plaintiff by reason of its violations of the FCRA in an amount to be determined by the trier of fact together with reasonable attorneys' fees pursuant to 15 USC 1681o.

36. Plaintiff has a private right of action to assert claims against WebBank arising under 15 USC 1681s-2(b).

**WHEREFORE, PLAINTIFF PRAYS** that this court grant her a judgment against the Defendant WebBank for damages, costs, interest and attorneys' fees in the amount of less than twenty-five thousand dollars ($25,000.00) exclusive of costs, interest and attorney's fees.

**COUNT IV**

8

## WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT BY WEBBANK

37. Plaintiff realleges the above paragraphs as if recited verbatim.

38. After being informed by Equifax that Plaintiff disputed the accuracy of the information it was providing, WebBank willfully failed to conduct a proper reinvestigation of Plaintiff's dispute.

39. WebBank willfully failed to review all relevant information available to it and provided by Equifax as required by 15 USC 1681s-2(b).

40. As a direct and proximate cause of WebBank willful failure to perform its respective duties under the FCRA, Plaintiff has suffered damages, mental anguish, suffering, humiliation and embarrassment.

41. WebBank is liable to Plaintiff for either statutory damages or actual damages he has sustained by reason of its violations of the FCRA in an amount to be determined by the trier of fact, together with an award of punitive damages in the amount to be determined by the trier of fact, as well as for reasonable attorneys' fees and she may recover therefore pursuant to 15 USC 1681n.

**WHEREFORE, PLAINTIFF PRAYS** that this court grant her a judgment against WebBank for the greater of statutory or actual damages, plus punitive damages, along with costs, interest and attorneys' fees in the amount of less than

9

Case 1:19-cv-00163 ECF No. 1-1 filed 03/01/19 PageID.20 Page 12 of 15

twenty-five thousand dollars ($25,000.00) exclusive of costs, interest and attorney's fees.

## COUNT V

## NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT BY EQUIFAX

42. Plaintiff realleges the above paragraphs as if recited verbatim.

43. Defendant Equifax prepared, compiled, issued, assembled, transferred, published and otherwise reproduced consumer reports regarding Plaintiff as that term is defined in 15 USC 1681a.

44. Such reports contained information about Plaintiff that was false, misleading and inaccurate.

45. Equifax negligently failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information it reported to one or more third parties pertaining to Plaintiff, in violation of 15 USC 1681e(b).

46. After receiving Plaintiff's consumer dispute to the Errant Tradelines, Equifax negligently failed to conduct a reasonable reinvestigation as required by 15 U.S.C. 1681i.

47. As a direct and proximate cause of Equifax's negligent failure to perform its duties under the FCRA, Plaintiff has suffered actual damages, mental anguish and suffering, humiliation and embarrassment.

10

48. Equifax is liable to Plaintiff by reason of its violation of the FCRA in an amount to be determined by the trier of fact together with his reasonable attorneys' fees pursuant to 15 USC 1681o.

**WHEREFORE, PLAINTIFF PRAYS** that this court grant her a judgment against Equifax for actual damages, costs, interest and attorneys' fees in the amount of less than twenty-five thousand dollars ($25,000.00) exclusive of costs, interest and attorney's fees.

## COUNT IV

### WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT BY EQUIFAX

49. Plaintiff realleges the above paragraphs as if recited verbatim.

50. Defendant Equifax prepared, compiled, issued, assembled, transferred, published and otherwise reproduced consumer reports regarding Plaintiff as that term is defined in 15 USC 1681a.

51. Such reports contained information about Plaintiff that was false, misleading and inaccurate.

52. Equifax willfully failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information that it reported to one or more third parties pertaining to Plaintiff, in violation of 15 USC 1681e(b).

11

53. After receiving Plaintiff's consumer dispute to the Errant Tradelines, Equifax willfully failed to conduct a reasonable reinvestigation as required by 15 U.S.C. 1681i.

54. As a direct and proximate cause of Equifax's willful failure to perform its duties under the FCRA, Plaintiff has suffered actual damages, mental anguish and suffering, humiliation and embarrassment.

55. Equifax is liable to Plaintiff by reason of its violations of the FCRA in an amount to be determined by the trier of fact together with his reasonable attorneys' fees pursuant to 15 USC 1681n.

**WHEREFORE, PLAINTIFF PRAYS** that this court grant her a judgment against Defendant Equifax for the greater of statutory or actual damages, plus punitive damages along with costs, interest and reasonable attorneys' fees in the amount of less than twenty-five thousand dollars ($25,000.00) exclusive of costs, interest and attorney's fees.

## JURY DEMAND

Plaintiff hereby demands a trial by Jury.

12

Respectfully submitted,

December 19, 2018          */s/ Gary D. Nitzkin*
                           GARY D. NITZKIN (P41155)
                           CARL SCHWARTZ (P70335)
                           CREDIT REPAIR LAWYERS OF AMERICA
                           Attorneys for Plaintiff
                           22142 West Nine Mile Road
                           Southfield, MI 48033
                           (248) 353-2882
                           Fax (248) 353-4840
                           Email – gary@crlam.com

13